Eric Rossman, ISB # 4573
Erica S. Phillips, ISB #6009
Chad M. Nicholson, ISB #7506
ROSSMAN LAW GROUP, PLLC
737 N. 7th Street
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 342-2170

Attorneys for Plaintiffs

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON WEBBER and JENNIFER WEBBER, husband and wife, individually, and as the Guardians of the Minor Child Plaintiff, T.D.W., <br><br> Plaintiffs, <br><br> -vs- <br><br> UNITED STATES OF AMERICA; and SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., an Idaho non-profit corporation, dba MERCY MEDICAL CENTER, NAMPA, fka MERCY MEDICAL CENTER, NAMPA, an Idaho non-profit corporation, <br><br> Defendants. | CASE NO._____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

COME NOW, the above-named Plaintiffs, by and through their counsel of record, the law firm of ROSSMAN LAW GROUP, PLLC, and for a cause of action against the Defendants, COMPLAIN AND ALLEGE as follows:

## PARTIES

1. At all times relevant herein, Plaintiffs Jason and Jennifer Webber were and now are married individuals residing in Caldwell, Canyon County, Idaho.

2. At all times mentioned herein, Plaintiff T.D.W. was and now is a resident of Caldwell, Canyon County, Idaho, and the minor child of the Plaintiffs, Jason and Jennifer Webber. Plaintiff T.D.W.'s date of birth is July 2, 2008.

3. Defendant United States of America is the real party in interest for Community Health Clinics, Inc. dba Terry Reilly Health Services, a community health organization under the provisions of the Public Health Services Act, Dr. Stuart A. Black, an employee or contractor for Terry Reilly Health Services; Dr. Steven Von Flue, an employee or contractor for Terry Reilly Health Services; and Dr. Rosalia Richardson, an employee or contractor for Terry Reilly Health Services, pursuant to the provisions of the Federal Tort Claims Act and the regulations promulgated thereunder by the U.S. Department of Health and Human Services.

4. Defendant Saint Alphonsus Medical Center - Nampa, Inc., doing business as Mercy Medical Center, Nampa ("Mercy"), is the successor corporation to Mercy Medical Center, Nampa, which was the entity in existence at the time of the events alleged herein. Mercy was and now is a licensed hospital as that term is defined in Idaho Code § 39-1301(a). Saint Alphonsus Medical Center – Nampa, Inc. is a non-profit corporation duly organized and existing

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

under the laws of the State of Idaho, qualified to do business in the State of Idaho, and is so transacting business in Nampa, Canyon County, Idaho.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346 1367(a).

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b).

## GENERAL ALLEGATIONS

7. On or about May 15, 2008, Plaintiff Jennifer Webber consulted Terry Reilly Health Services and Dr. Rosalia Richardson for a pregnancy test. At that time, Dr. Richardson also did an ultrasound. On May 22, 2008, another ultrasound was conducted which showed a gestational age of 32 weeks 5 days +/- 17 days and an estimated delivery date of July 12, 2008.

8. On June 9, 2008, Mrs. Webber underwent another ultrasound due to size discrepancy in comparison to the May 22, 2008 ultrasound. The second ultrasound indicated a gestational age of 34 weeks and 4 days.

9. On June 16, 2008, Mrs. Webber began experiencing contractions and consulted treatment at Mercy Medical Center. At that time, Mrs. Webber was treated by Dr. Steven Von Flue. After examination, Dr. Von Flue recommended discharge of the patient and Mrs. Webber was discharged with instructions to return at a later date.

10. On July 1, 2008, Mrs. Webber again went to Mercy Medical Center with contractions. On July 2, 2008, Mrs. Webber delivered a five-pound three ounce baby boy at approximately 8:32 A.M. Mrs. Webber's delivery was complicated by fetal heart abnormalities

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

and meconium staining. Plaintiff T.D.W.'s heart stopped at birth and he was given some supplemental oxygen after birth. Mrs. Webber and her infant son were discharged from Mercy Medical Center on July 4, 2008.

11. On July 7, 2008, Mr. and Mrs. Webber took their infant son to the emergency room at West Valley Medical Center due to seizure activity. After evaluation and continued seizures, Dr. Matthew Brown arranged for Plaintiff T.D.W. to be transferred to Saint Alphonsus Regional Medical Center's Neonatal Intensive Care Unit.

12. At Saint Alphonsus, Plaintiff T.D.W. was treated by Dr. David Bettis. An MRI indicated hypoxemic ischemic etiology with watershed infarcts. Plaintiff T.D.W. was discharged to home on approximately July 17, 2008.

13. Plaintiff T.D.W. continued to experience seizures and/or spasms on a daily basis. T.D.W. was put on several medications to try and control his seizures and/or spasms. In approximately May of 2009, in addition to his medications, T.D.W. was also started on a ketogenic diet to help control his seizures/spasms.

14. Plaintiff T.D.W. continues to have seizures and spasms on a daily basis and Plaintiff T.D.W. is profoundly developmentally delayed.

## COUNT ONE

*Negligence against the United States of America for the actions of Dr. Black*

15. Plaintiffs reallege and incorporate by reference all the allegations contained in Paragraphs 1 through 14 above as if set out in full.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

16. The medical treatment provided to Jennifer Webber and T.D.W. by Dr. Black was negligent and fell below the applicable standard of care owed to the patients by Dr. Black at the times and places alleged hereinabove.

17. Dr. Black's negligence was the direct and proximate cause of Plaintiff T.D.W.'s injuries.

18. At the time of his negligent conduct, Dr. Black was acting within the scope of his employment or contract with Terry Reilly Health Services and within the scope of the project of Terry Reilly Health Services.

19. Dr. Black's conduct as alleged herein was reckless and willful constituting an extreme deviation from reasonable standards of care.

20. As a direct and proximate result of the negligence of the United States of America, through the negligent conduct of Dr. Black and Terry Reilly Health Services as alleged above, Plaintiffs have sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

 (a) Plaintiffs' past medical expenses incurred as a result of Dr. Black's negligence.

 (b) The Plaintiffs' future medical expenses and economic loss.

 (c) The Plaintiffs' pain and suffering and loss of comfort and companionship resulting from the permanent injuries suffered by Plaintiff T.D.W.

The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

## COUNT TWO

### *Negligence against the United States of America for the actions of Dr. Von Flue*

21. Plaintiffs reallege and incorporate by reference all the allegations contained in Paragraphs 1 through 20 above as if set out in full.

22. The medical treatment provided to Jennifer Webber and T.D.W. by Dr. Von Flue was negligent and fell below the applicable standard of care owed to the patients by Dr. Von Flue at the times and places alleged hereinabove.

23. Dr. Von Flue's negligence was the direct and proximate cause of Plaintiff T.D.W.'s injuries.

24. At the time of his negligent conduct, Dr. Von Flue was acting within the scope of his employment or contract with Terry Reilly Health Services and within the scope of the project of Terry Reilly Health Services.

25. Dr. Von Flue's conduct as alleged herein was reckless and willful constituting an extreme deviation from reasonable standards of care.

26. As a direct and proximate result of the negligence of the United States of America, through the negligent conduct of Dr. Von Flue and Terry Reilly Health Services as alleged above, Plaintiffs have sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

    (a) Plaintiffs' past medical expenses incurred as a result of Dr. Von Flue's negligence.

    (b) The Plaintiffs' future medical expenses and economic loss.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

(c) Plaintiffs' pain and suffering and loss of comfort and companionship resulting from the injuries to Plaintiff T.D.W.

The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

## COUNT THREE

*Negligence against the United States of America for the actions of Dr. Richardson*

27. Plaintiffs reallege and incorporate by reference all the allegations contained in Paragraphs 1 through 26 above as if set out in full.

28. The medical treatment provided to Jennifer Webber and T.D.W. by Dr. Richardson was negligent and fell below the applicable standard of care owed to the patients by Dr. Richardson at the times and places alleged hereinabove.

29. Dr. Richardson's negligence was the direct and proximate cause of Plaintiff T.D.W.'s injuries.

30. At the time of her negligent conduct, Dr. Richardson was acting within the scope of her employment or contract with Terry Reilly Health Services and within the scope of the project of Terry Reilly Health Services.

31. Dr. Richardson's conduct as alleged herein was reckless and willful constituting an extreme deviation from reasonable standards of care.

32. As a direct and proximate result of the negligence of the United States of America, through the negligent conduct of Dr. Richardson and Terry Reilly Health Services as alleged above, Plaintiffs have sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

(a)     Plaintiffs' past medical expenses incurred as a result of Dr. Richardson's negligence.

(b)     The Plaintiffs' future medical expenses and economic loss.

(c)     Plaintiffs' pain and suffering and loss of comfort and companionship resulting from the injuries to Plaintiff T.D.W.

The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

## COUNT FOUR

### *Negligence (Mercy Medical Center)*

33.     Plaintiffs reallege and incorporate by reference all the allegations contained in Paragraphs 1 through 32 above as if set out in full.

34.     The conduct of Mercy, by and through its agents, employees and/or representatives, performed while acting within the scope of their employment with Mercy, insofar as the medical treatment provided to Plaintiffs was negligent and fell below the applicable standard of care owed to the patients by said agents, employees and/or representatives of Mercy at the times and places alleged hereinabove.

35.     The medical treatment provided by Mercy was negligent and fell below the applicable standard of care owed to the patients by Mercy at the times and places in question.

36.     Mercy's negligence was the direct and proximate cause of Plaintiffs' injuries.

37. As a direct and proximate result of Mercy's negligence, Plaintiffs have sustained both economic and non-economic losses, which include, but are not limited to, damages in the form of:

(a) Plaintiffs' past medical expenses incurred as a result of Mercy's negligence.

(b) The Plaintiffs' future medical expenses and economic loss.

(c) The Plaintiffs' pain and suffering and loss of comfort and companionship resulting from the permanent injuries suffered by Plaintiff T.D.W.

The precise amount of damage will be proven at the time and place of trial in this action, but in any event exceed $100,000.00.

38. Plaintiffs reserve this paragraph for the inclusion of a claim for punitive damages under Idaho Code § 6-1604.

## COUNT FIVE

### *Negligent Infliction of Emotional Distress (All Defendants)*

39. Plaintiffs reallege and incorporate by this reference all the allegations contained in Paragraphs 1 through 38 above as if set out in full.

40. The medical treatment provided to Plaintiffs by the aforementioned Defendants was negligent and fell below the applicable standards of care owed to the patients by each and every Defendant at the times and places alleged hereinabove.

41. As a direct and proximate result of Defendants' reckless and/or negligent conduct, as alleged hereinabove, Plaintiffs have incurred severe mental suffering manifested by physical symptoms including, but not limited to, insomnia, loss of appetite and severe headaches.

42.     As such, Plaintiffs are entitled to recover monetary damages from Defendants representing fair and reasonable compensation for the emotional distress suffered by Plaintiffs as a result of the wrongful conduct alleged hereinabove in an amount in excess of $100,000.00 to be proven at trial.

WHEREFORE, Plaintiffs pray for Judgment of this Court as follows:

1.      For money damages for Plaintiffs from Defendants under the theories of negligence and negligent infliction of emotional distress in a sum to be determined at trial in excess of $100,000.00, and representing Plaintiffs' economic and noneconomic damages for past and future medical expenses, supplies, nursing and physician care, pain and suffering, emotional distress, loss of enjoyment of life, and temporary and permanent disability;

2.      For costs of suit incurred herein; and

3.      For such other and further relief as to the Court is just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

DATED this 5th day of January, 2011.

ROSSMAN LAW GROUP, PLLC

By /s/ Eric S. Rossman
Eric S. Rossman
Attorneys for Plaintiffs

\\Fileserver\documents\Work\W\Webber, Jason\Pleadings\Complaint - federal.doc

**COMPLAINT AND DEMAND FOR JURY TRIAL - 10**